## White v. Ehrens.

*Stevens & Lee*, for petitioner.

*Emanuel Weiss*, for Hannah White, tenant in possession.

SCHAEFFER, P. J., March 22, 1930.—This matter is before us upon petition and answer under the Act of April 20, 1905, P. L. 239. The petitioner avers that he is a purchaser of property No. 311 North Fourth Street, in the City of Reading, at sheriff's sale which was had on a writ of *fi. fa.*, issued upon a judgment entered Dec. 1, 1927. The citation was awarded against Hannah White, the party in possession. Hannah White has filed an answer, in which she sets forth that she is in possession of the property under a lease in writing from Herman J. Ehrens and Rose Ehrens for the term of five years from Oct. 1, 1927.

It is admitted that the property in question at the date of the sheriff's sale was subject to the following liens:

1. Mortgage dated May 22, 1923, to the Berks County Trust Company for $7500.

2. Judgment entered Nov. 3, 1924, in favor of the Reading National Bank for $900.

3. Mortgage dated Aug. 27, 1927, to the First National Bank of Bangor, Pa., for $8000.

4. Judgment entered Dec. 1, 1927, in favor of Herman J. White for $976.50.

It is upon this last judgment that the execution was had and the property sold to the petitioner.

The respondent contends that, as the term of her lease began before the date of the entry of the judgment upon which the property was sold by the sheriff, the purchaser's title is subject to her lease. In support of this position she relies upon the 14th section of said Act of April 20, 1905, P. L. 239, which is as follows:

· "The right of possession of a tenant for years shall be deemed paramount to that of a purchaser at a judicial sale if, and only if, the letting to him shall precede in point of date the entry of the judgment, order or decree on which such sale was had, and also shall precede the recording or registering of the mortgage, deed or will, if any, through which by legal proceedings the purchaser derives title, unless the letting is made with actual notice to such tenant of the contemplated entry of such judgment, order or decree, or of the fact of the execution of such mortgage, deed or other instrument of writing, and with intent to avoid the effect thereof."

The petitioner does not contend that a literal construction of that section does not support the respondent's claim, but the petitioner points out that the sheriff's sale divested the Reading National Bank's judgment and also the second mortgage held by the First National Bank of Bangor, and claims that a construction of the Act of 1905 which would support the lease against him would be unreasonable and unjust and would result in depriving the second mortgagee of the security which was his at the time the mortgage was entered.

It is clear that under the Act of May 8, 1901, P. L. 141, which amends section 1 of the Act of May 19, 1893, P. L. 108, the judgment and mortgage were discharged by the sheriff's sale under the subsequent judgment. Under the provisions of that act only the first mortgage remained a lien against the property after the sheriff's sale. That act provides: "When the lien of a mortgage upon real estate is or shall be prior to all other liens upon the same property, except other mortgages, ground rents, and purchase money due the Commonwealth and except taxes, &c., . . . the lien of such mortgage shall not be destroyed or in any wise affected by any judicial or other sale whatsoever. . . ."

Neither side has submitted any decisions which decide the issue now before us, nor have we after diligent search found any. We can see the force of the petitioner's argument. But petitioner here is pursuing a specific remedy given to him by the Act of 1905, and the 14th section of that act clearly provides that the tenant's right of possession is paramount to that of the purchaser at the sheriff's sale. In other words, one section of the act denies to the petitioner in this case the right which he seeks. If a purchaser at sheriff's sale, of property sold under a junior lien which was entered after the beginning of the term of the tenant in possession, is to be entitled to possession in preference to such tenant on the ground that liens which antedated the entry of the judgment were discharged by sale, his remedy cannot be based upon the Act of 1905, but must be found elsewhere. It may be true that the legislature in enacting the Act of 1905 did not have in mind the situation now before us. But, in view of the clear statement in the 14th section, we are of the opinion that it would be judicial legislation to construe the act so as to give to the petitioner in this proceeding the result which he seeks.

And now, to wit, March 22, 1930, the petition is dismissed, at the cost of the petitioner. From Charles K. Derr, Reading, Pa.